AO91 (Rev. 12/03)  Criminal Complaint

# UNITED STATES DISTRICT COURT

__SOUTHERN__ DISTRICT OF __FLORIDA__

UNITED STATES OF AMERICA
V.
ANDERSON JEAN

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

Case Number: 19-6313-SELTZER

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about __3/31/2019__ (Date) in __Broward__ County, in the __Southern__ District of __Florida__ defendant(s) did,

*(Track Statutory Language of Offense)*

being a convicted felon, did knowingly possess ammunition, in and affecting interstate and foreign commerce

in violation of Title __18__ United States Code, Section(s) __922(g)(1)__.

I further state that I am a(n) __Special Agent__ and that this complaint is based on the following facts:
Official Title

See attached Affidavit

Continued on the attached sheet and made a part of this complaint:  ☒ Yes   ☐ No

_____
Signature of Complainant
Jason Ruiz
Printed Name of Complainant

Sworn to before me and signed in my presence,

__June 28, 2019__            at   __Fort Lauderdale__   __Florida__
Date                                       City                   State

BARRY S. SELTZER        U.S. MAGISTRATE
Name of Judge                Title of Judge

_____
Signature of Judge

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your Affiant, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF"), Jason Ruiz, being duly sworn, hereby state:

1.  I am a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives and have been employed by said agency since June 14, 2013. I have completed approximately seven (7) months of basic and specialized training with the ATF at both the ATF National Academy and the Federal Law Enforcement Training Center located in Glynco, Georgia. During such time, I received specific training in the areas of firearms, narcotics, explosives and arson investigations. As an ATF Agent, I conduct investigations regarding violations of federal laws. I am presently assigned as a Special Agent for the ATF Miami Field Division, Fort Lauderdale Field Office. During my tenure with the ATF, I have conducted numerous investigations involving illegal firearms, illegal gang activity, and narcotics activities.

2.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3.  Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 922(g)(1), being a felon in possession of ammunition, have been committed by Anderson JEAN (hereinafter "JEAN").

4.  On the late afternoon of March 31, 2019, a Fort Lauderdale Patrol Officer was on foot patrol in the city of Fort Lauderdale, located in Broward County, Florida. The Patrol Officer (hereinafter "PO") observed JEAN walking towards him. JEAN was known to the PO from

previous encounters. The PO began to casually converse with JEAN without impeding his path to leave. JEAN asked "Come on Miller what do you want". The PO asked JEAN if he had any weapons on him. JEAN replied "No man, I ain't got nothing on me go ahead" and raised his arms in the air. The PO conducted a pat frisk for weapons when the PO felt from the outside of JEAN'S front left pocket a hard object with a pointy tip that resembled a rifle round. The PO knew from past experiences that JEAN was a convicted felon. JEAN stated "Man that's just a round man". The PO retrieved a live .223 caliber round from JEAN's pant pocket. JEAN was arrested by the PO for Possession of ammunition by a convicted felon in violation of State of Florida law.

5.  Your affiant is an ATF interstate nexus expert and determined that the Federal .223 caliber round was not manufactured in the state of Florida and by its presence in the State of Florida has travelled in interstate commerce.

6.  Your affiant reviewed recorded jail calls that JEAN made on March 31 and April 1, 2019, in which he freely admits to two different persons that he had a bullet in his pocket that he forgotten about.

7.  Your Affiant has obtained and reviewed certified copies of convictions that JEAN incurred prior to March 31, 2019, which document convictions of the following felonies:

    - On April 14, 1994, convicted of Grand theft in the 3rd degree in Broward County, Florida.

    - On November 7, 1995, convicted of Grand theft in the 3rd degree; vehicle with altered ID/possession, sale; and burglary tools/possession in Miami-Dade County, Florida.

    - On June 19, 1997, convicted of two counts of Grand theft in the 3rd degree in Broward County, Florida.

- On June 19, 1997, (different case than that listed above), convicted of Burglary structure/conveyance and possession of burglary tools in Broward County, Florida.

- On June 28, 1999, convicted of Grand theft in the 3rd degree in Broward County, Florida.

- One June 28, 1999 (different case), convicted of Battery on law enforcement officer in Broward County, Florida.

8. Broward County, Florida is located in the Southern District of Florida.

9. Per the Florida Office of Executive Clemency, JEAN'S right to possess a firearm has not been restored.

10. Based on the information contained in this affidavit, I respectfully submit that there is probable cause to believe that JEAN possessed ammunition as a convicted felon in the Southern District of Florida, in violation of Title 18, United States Code, Section 922(g)(1), which states it is unlawful for a convicted felon to possess ammunition that has traveled in interstate or foreign commerce.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Jason Ruiz
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to and subscribed before me this
28th day of June, 2017

HONORABLE BARRY SELTZER
UNITED STATES MAGISTRATE JUDGE